UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ibrahim O.,<br><br>Petitioner,<br><br>v.<br><br>Secretary of Homeland Security; Jefferson Sessions, Attorney General; Scott Baniecke, ICE Field Office Director; and Kurt Freitag, Freeborn County Sheriff,<br><br>Respondents. | Case No. 18-cv-01605 (SRN/HB)<br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

On June 8, 2018, Petitioner Ibrahim O. filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention pending removal. [Doc. No. 1]. The petition was referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. Petitioner was removed from the United States on August 14, 2018, and his petition should be dismissed as moot.

**I.     Background**

Petitioner is a citizen of Nigeria. (Ligon Decl. Ex. A at 4 [Doc. No. 6–1].) He entered the United States with a nonimmigrant student visa on December 22, 2015. (Ligon Decl. ¶ 5 [Doc. No. 6].) Petitioner's nonimmigrant status was terminated on October 6, 2016, after being expelled from Northern State University for a student

conduct code violation. (*Id.*) Petitioner was ordered to be removed from the United States on August 14, 2018. (Ligon Decl. ¶ 30, Ex. A at 101 [Doc. No. 6–1].)

On March 29, 2018, Petitioner filed an appeal with the Board of Immigration Appeals. (Ligon Decl. ¶ 31 [Doc. No. 6].) The Board of Immigration Appeals dismissed Petitioner's appeal on July 9, 2018. (*Id.* ¶ 34.) Petitioner filed a petition for review of his final removal in the Eighth Circuit Court of Appeals on July 30, 2018. *See Oyebola v. Sessions*, No. 18-2621 (8th Cir. filed July 30, 2018). The Eighth Circuit Court of Appeals denied Petitioner's stay of removal on August 10, 2018. *Oyebola v. Sessions*, No. 18-2621, slip op. at 1 (8th Cir. Aug. 10, 2018).

On August 3, 2018, Petitioner filed a motion for a temporary restraining order to stop removal proceedings. [Doc. No. 13.] The District Court ordered Respondents to respond to the motion on August 6, 2018. [Doc. No. 16.] The order was mailed to Petitioner at the Freeborn County Jail, where he had been detained, but the mail was returned to sender on August 13, 2018. [Doc. No. 19.] After the response to the motion was filed by the Respondents, the District Court denied the motion and issued an order on August 9, 2018. [Doc. No. 18.] That order was also mailed to Petitioner and was returned to sender on August 27, 2018. [Doc. No. 20.] A notation on the docket by the Clerk's Office on August 27, 2018, indicated that Petitioner was no longer in ICE custody.

Based on the above information and proceedings, the Court suspected that Petitioner had been removed from the United States. Therefore, on August 31, 2018, this Court issued an order directing Respondents to file a status update concerning

Petitioner's removal. (Order at 2 [Doc. No. 21].) Respondents filed a supplemental response on September 12, 2018, advising the Court that Petitioner had been removed from the United States on August 14, 2018. (Resp'ts' Suppl. Response at 1 [Doc. No. 22]; Ligon Decl. ¶ 4 [Doc. No. 23].) Respondents ask the Court to dismiss the petition as moot.

## II.  Discussion

Under article III, section 2, of the United States Constitution, federal court jurisdiction is limited "to actual, ongoing cases and controversies." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000). "When, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief, the case is considered moot." *Id.* (citation and quotation marks omitted). Article III mootness divests the Court of subject matter jurisdiction. *See id.* If a court determines that it lacks subject-matter jurisdiction at any time during a case, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

Petitioner's removal from the United States leaves nothing for the Court to grant by way of habeas relief. He is no longer in the custody of the Department of Homeland Security, and as a result, the Court cannot order his release. Any such order would be ineffectual, and therefore, Petitioner's habeas petition is moot. *See, e.g.*, *Ahmed v. Sessions*, No. 16-cv-2124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017), *R. & R. adopted*, 2017 WL 3268176 (D. Minn. July 31, 2017); *Mhanna v. U.S. Dep't of*

*Homeland Sec. Citizenship & Immig. Servs.*, No. 10-cv-292 (JRT/LIB), 2010 WL 5141803, at *12 (D. Minn. Dec. 13, 2010).

Before recommending dismissal of the petition based on mootness, however, the Court must determine whether any of the following exceptions to mootness exist:

> (1) secondary or "collateral" injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*See Ahmed*, 2017 WL 3267738, at *2 (quoting *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002)).  The Court concludes that none of the exceptions apply in this case.  First, there are no surviving secondary or collateral injuries stemming from the allegedly prolonged detention, and any alleged injuries arising from the final order of removal itself are not cognizable in federal court.  *See id.*  Second, an allegedly unlawful period of immigration detention is unlikely to be repeated, given Petitioner's removal from the United States.  *See id.*  Third, there is no reason to believe that Respondents acted purposely to deprive this Court of jurisdiction.  Rather, Respondents diligently attempted to effectuate Petitioner's removal, and Petitioner prolonged the removal proceedings by requesting at least ten continuances.  Finally, the exception relating to class actions is inapplicable, because Petitioner requests relief only on his own behalf, not on behalf of a class of individuals.  *See id.*

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner Ibrahim O.'s petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] be **DISMISSED AS MOOT**.

Dated: September 25, 2018            s/ *Hildy Bowbeer*
                                     HILDY BOWBEER
                                     United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).